UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JONATHAN W. MULGREW, Plaintiff,

v. Civil Action No. 3:20-cv-P50-DJH

LOUISVILLE METRO DEPARTMENT
OF CORRECTIONS *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jonathan W. Mulgrew filed the instant *pro se* 42 U.S.C. § 1983 action. After Plaintiff notified the Court that he had been released from incarceration, the Court entered an Order directing Plaintiff to either pay the remaining balance of the filing fee or file a non-prisoner application to proceed without the prepayment of fees (Docket No. 13). Plaintiff filed a non-prisoner application (DN 14). Upon review, **IT IS ORDERED** that the application to proceed without the prepayment of fees (DN 14) is **GRANTED**.

The complaint (DN 1) and the amended complaint (DN 10) are now before the Court for an initial review pursuant to 28 U.S.C. § 1915A.[1] Upon review, the Court will dismiss the action for the reasons stated herein.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a convicted inmate at the Louisville Metro Department of Corrections (LMDC) at the time of the alleged events, sues LMDC; the Kentucky Department of Corrections; the LMDC "Medical Contractor"; and "Dr. Smith and staff."

---

[1] Plaintiff filed two separate actions arising from the same incident. By Order entered July 26, 2020, the Court consolidated the two cases into the instant action (DN 9).

In the complaint, Plaintiff states that on November 20, 2019, at 1:15 pm, he "slipped on a wet floor resulting in a compound fracture of the right ulna bone (elbow) and 2 fractured ribs." He asserts that staff was immediately informed by another inmate via an emergency medical button. He states, "Respondents were officer Hagan and Harmon. I was seen by a nurse and given 2 tylenol, nothing more." He continues, "The Dr. (Smith) presumed my accident had been either falsified or overstated and denied my pleas to be a) taken to the hospital and b) provided with a sling because I was not physically capable of supporting/protecting the afflicted area. Thus requiring a makeshift sling using trashbags."

Plaintiff states that an x-ray was scheduled for the following evening at 6:45 pm and that he "was eventually transported to U of L Hospital, promptly admitted the following morning (11 am, 11-22-19) and underwent surgery on 11-23-19." He asserts, "During the time period between 1:15 pm on 11-20-19 to approximately 5:00 pm on 11-21-19 my right hand developed substantial and prolonged loss of feeling (numbness) resulting in partical loss of use in my dominate hand." He continues, "My claim against both [LMDC] and against Ky D.O.C. is medical malpractice, negligence of pain and suffering." He also states, "I have been denied a copy of my medical records. All claims can be verified via video footage."

In the amended complaint, Plaintiff states, "I (Jonathan Mulgrew) believe my constitutional rights were violated by way of indifference to my serious medical need." He states that he slipped and fell on a wet floor resulting in fractured ribs and a compound fracture of his right ulna. He asserts, "Herein I affirm that my civil right to medical aid in a timely fashion was denied me." He further states as follows:

> Foremost the evidence shows that I had a serious medical need. Further the defendants clearly showed indifference to my immediate need for more than 29 hours. Starting from the accident at 1:15 pm 11/20/19 until the x-ray at 7:00 pm 11/21/19. After the affirmative x-ray of a compound fracture and broken ribs at

2

> 7:00 pm 11/21/19. Further indifference to my serious medical need was exhibited for an additional 16 hours from the time of the x-ray at 7:00 pm 11/21/19 until transportation to the hospital at 10:30 am on 11/22/19 for a total of 45 hours from time of accident until being transported to the hospital.

Plaintiff continues, "I contend that the contracted medical staff of LMDC violated my civil right to care for my serious medical need in a timely fashion. Further the Ky D.O.C. failed to ensure such medical service through oversight pursuant to KRS being that I am a state inmate." He further states, "I was immediately admitted and scheduled for emergency surgery on my right elbow the following morning (11/23/19) at 7:30 am by Dr. Carlson of U of L Orthopedic physicians." Plaintiff reports that "8 weeks later I received a bill from U of L Hospital for the amount of $2,425.62 for the x-ray and surgery performed on 11/23/19 while in the custody of [LMDC] as an Ky Department of Corrections inmate of the state."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*,

3

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Deliberate-indifference claims

An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)).

Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* Thus, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment between an inmate and prison medical personnel cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For the purposes of this review, the Court will assume that Plaintiff's injuries constitute a serious medical need. Therefore, the Court must determine whether Plaintiff's allegations show that Defendants were deliberately indifferent to that need.

The complaint and amended complaint make clear that Plaintiff received treatment for his injuries. He states that his fall took place on November 20, 2019, and that he was seen by a nurse and given Tylenol that day. He received an x-ray the following day; was transported and admitted to University of Louisville Hospital two days after his fall; and underwent surgery three days after his fall on November 23, 2019. Therefore, Plaintiff's claim is based upon a disagreement with the adequacy of his treatment, rather than a denial of treatment, which does not give rise to a constitutional claim. *See id.* at 107 (holding that "the question whether . . .

5

additional . . . forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."). Because it is evident that Plaintiff received treatment for his injuries, including surgery within three days of his fall, this Court will not second guess the medical judgments made by jail medical personnel. *See Hall v. Tyszkiewicz*, 28 F. App'x 493, 495 (6th Cir. 2002) ("Hall's disagreement with the defendants' medical judgment concerning the proper medication and medical aids for his condition does not evidence deliberate indifference."); *Westlake*, 537 F.2d at 860 n.5. Moreover, to the extent Plaintiff alleges that Defendant Smith caused a delay in receiving needed treatment, he alleges no detrimental effect or additional injury caused by the one-day delay. *See Loukas v. Gundy*, 70 F. App'x 245 (6th Cir. 2003) (affirming dismissal of claim on initial review where plaintiff "[did] not allege or show that he suffered any detrimental effect from the delay in treatment").

Therefore, Plaintiff's claims of deliberate indifference to his serious medical needs must be dismissed for failure to state a claim upon which relief may be granted.

### B. State-law claims

To the extent that Plaintiff alleges medical malpractice or other state-law claims, having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

Accordingly, the Court will enter a separate Order dismissing the action.

Date: December 28, 2020

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4415.010